21-6109-ag
*Tepepan v. Garland*

BIA
Laforest, IJ
A205 886 572

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

HERIBERTO TEPEPAN,

    *Petitioner,*

    v.                                                                21-6109-ag

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

    *Respondent.*

---

| | |
|---|---|
| For Petitioner: | JUDY RESNICK, Law Office of Judy Resnick, Far Rockaway, New York. |
| For Respondent: | KASEY CHAPMAN (Brett F. Kinney, Attorney, Brian Boynton, Acting Assistant Attorney General, Kohsei Ugumori, Senior Litigation Counsel, *on the brief*), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C. |

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED**.

Petitioner Heriberto Tepepan ("Tepepan"), a native and citizen of Mexico, seeks review of the BIA's February 1, 2021 decision to dismiss his appeal of the November 13, 2018 decision of an Immigration Judge ("IJ") denying his application for cancellation of removal, political asylum, withholding of removal, and protection under the Convention Against Torture. *In re Heriberto Tepepan,* No. A205 886 572 (B.I.A. Feb. 1, 2021), *aff'g* No. A205 886 572 (Immigr. Ct. N.Y.C. Nov. 13, 2018). On appeal, Tepepan challenges only the denial of his application for cancellation of removal, arguing that the IJ misapplied the legal standard for hardship determinations and that the agency violated his due process rights.[1] We otherwise assume the parties' familiarity with the underlying facts and procedural history, which we reference here only as necessary to explain our decision to dismiss the appeal.

We have reviewed the IJ's decision "as supplemented by the BIA." *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). The Attorney General may cancel removal of a nonpermanent resident if, as relevant here, the applicant meets physical presence and character requirements and "establishes that removal would result in exceptional and extremely unusual hardship" to the applicant's spouse, parent, or child who is a citizen or lawful permanent resident of the United States. 8 U.S.C. § 1229b(b)(1). An applicant can satisfy the hardship requirement by establishing

---

[1] Tepepan also asserts that the IJ "erroneously" found that he was not credible. Petitioner's Br. at 6. We need not address that argument because the agency determined that this finding was not dispositive in the case, given that Tepepan "did not otherwise establish eligibility for cancellation of removal." Joint App. at 11.

2

that "his qualifying relatives would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members" in the United States. *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001); *see also In re Andazola-Rivas*, 23 I. & N. Dec. 319, 322–24 (B.I.A. 2002).

Here, the agency denied cancellation of removal due to Tepepan's failure to demonstrate the requisite hardship to his children. When an applicant petitions for review of the denial of cancellation of removal based on the failure to satisfy the hardship requirement, we may review only constitutional claims or questions of law, including "the application of a legal standard to undisputed or established facts." *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020); *see* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 38–41 (2d Cir. 2008), *as amended* (Jan. 25, 2008). We review such questions *de novo*. *See Manning v. Barr*, 954 F.3d 477, 484 (2d Cir. 2020). Because we lack jurisdiction to review a petition that "essentially disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion," we must "determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 329 (2d Cir. 2006), *as revised* (Dec. 7, 2006).

We dismiss the petition because Tepepan has not raised a colorable constitutional claim or question of law as to the agency's hardship determination. Tepepan contends that the IJ applied an incorrect legal standard, but his arguments essentially amount to a challenge to the IJ's factual findings about his family's financial prospects and his son's ability to continue receiving medical treatment and speech therapy upon Tepepan's removal, which we lack jurisdiction to review.[2] *See,*

---

[2] We also note that some of Tepepan's assertions about the agency's consideration of his family's financial prospects are belied by the record. For instance, he argues that the IJ assumed that he

3

*e.g.*, *Barco-Sandoval*, 516 F.3d at 39; *Xiao Ji Chen*, 471 F.3d at 329.  Tepepan's citation to the

Supreme Court's recent decision in *Guerrero-Lasprilla* is unavailing, as that case reaffirmed that

the Immigration and Nationality Act "still forbid[s] appeals of factual determinations."  140 S. Ct.

at 1073 (discussing 8 U.S.C. § 1252(a)(2)(D)).

Likewise, we lack jurisdiction to entertain Tepepan's due process argument because he

fails to present any colorable claim that the agency's decision was arbitrary or that he was deprived

of a full and fair hearing that provided a meaningful opportunity to be heard.  *See Barco-Sandoval*,

516 F.3d at 40–42, 41 n.6; *Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 104–05 (2d Cir. 2006)**;**

*see also* Petitioner's Br. at 22–23.  At oral argument, Tepepan's counsel raised new arguments in

support of his due process claim, including claims that counsel for the Department of Homeland

Security in the proceedings before the IJ had been suspended from practice and that Tepepan had

not been provided with discovery of records of his criminal convictions before his testimony at his

removal hearing.  Tepepan failed to present the discovery argument in his brief, although the facts

underlying the claim were known to counsel since the removal hearing.  Accordingly, we deem

the discovery argument abandoned.  *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d

Cir. 1995).  Moreover, the claim respecting the status of government counsel at the hearing rests

on alleged facts that are outside the record and have never been documented in any evidentiary

presentation to this Court.  Thus, Tepepan does not raise a colorable constitutional claim.

---

would be able to continue financially supporting his family in the event of his removal and "gave zero weight" to the financial hardship that his family would suffer upon his removal.  Petitioner's Br. at 15; *see also id.* at 11.  Yet neither the BIA's decision nor the IJ's decision reflects such an assumption, and the IJ stated that "[t]here is no question that [Tepepan's] children would suffer financial and emotional hardship" upon Tepepan's removal.  Joint App. at 43.

For the foregoing reasons, the petition for review is **DISMISSED**.  All pending motions

and applications are **DENIED** and stays **VACATED**.

                FOR THE COURT:
                Catherine O'Hagan Wolfe, Clerk of Court